UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**ROBERT ANDREW REED,**             )
                                   )
          Petitioner,       )
                                   )
          v.                )        Civil Action No. 14-0530 (BAH)
                                   )
**UNITED STATES OF AMERICA** *et al.*, )
                                   )
                                   )
          Respondents.      )
_____)

**MEMORANDUM OPINION**

Petitioner Robert Andrew Reed has filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," ECF No. 1. He challenges his conviction entered by the Superior Court of the District of Columbia in March 2010 on the ground that the prosecuting attorney withheld exculpatory evidence during his jury trial. *See* Pet., ECF pp. 1, 5, 9. For the following reasons, the Court finds that it lacks jurisdiction to hear the petition and, thus, will dismiss the case.

Unlike prisoners convicted in state courts or those convicted in a United States District Court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). It is

established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). Under the local statute, a District of Columbia prisoner may move to vacate, set aside, or correct his sentence on grounds, among others, that "(1) the sentence was imposed in violation of the Constitution . . . ." D.C. Code § 23-110(a). The statute further provides that

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see id.* at 999 (concluding that this Court could review a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals" because such a claim is not available via a § 23-110 motion); *see accord Sanders v. Caraway*, 859 F. Supp. 2d 78, 80-81 (D.D.C. 2012).

The government's failure to disclose exculpatory evidence at trial is a viable due process claim under D.C. Code § 23-110(a). *See Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012) (finding "claims arising from errors that occurred during [] trial . . . foreclosed from federal court review by § 23-110"); *Wright v. Stansberry*, 677 F. Supp. 2d 286, 288 (D.D.C. 2010), citing *Wright v. U.S.*, 979 A.2d 26 (D.C. 2009)(discussing D.C. Court of Appeals' treatment of § 23-110 motion raising violations of *Brady v. Maryland*, 373 U.S. 83

(1963)).  Petitioner has not shown that his local remedy is ineffective or inadequate, and an unsuccessful appeal or collateral proceeding does not otherwise suffice to overcome the jurisdictional hurdle.  *See Garris*, 794 F.2d at 727 ("[M]ere lack of success on [direct] appeal does not pave the way for collateral attack.") (footnote and citations omitted); *accord Bruton v. Ashcroft*, 48 Fed. Appx. 336 (D.C. Cir. 2002) ("The [28 U.S.C.] § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied.") (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases)); *Wilson v. Off. of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

For the foregoing reasons, this action is dismissed for want of jurisdiction.  A separate Order accompanies this Memorandum Opinion.

/s/  *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE:   April 7, 2014